In re: The Matter of the **GRAND JURY SUBPOENA FOR THCF MEDICAL CLINIC RECORDS**

No. MJ–07–4071–00.

United States District Court, E.D. Washington.

Sept. 4, 2007.

Adam B. Wolf (argued), American Civil Liberties Union, Santa Cruz, CA, Graham

A. Boyd, American Civil Liberties Union, Santa Cruz, CA, Alison Chinh–Holcomb, American Civil Liberties Union of Washington, Seattle, for THCF Medical Clinic.

Liani J. Reeves (argued), State of Oregon Department of Human Services, Portland, OR, Ward D. Marshall, State of Oregon Department of Human Services, Shannon O'Fallon, State of Oregon Department of Human Services, Portland OR, for State of Oregon Department of Human Services.

James P. Hagarty (argued), Assistant U.S. Attorney, Yakima, for the United States.

## ORDER GRANTING MOTIONS TO QUASH GRAND JURY SUBPOENAS

WHALEY, Chief Judge.

Before the Court is the State of Oregon's Motion to Quash Subpoena to Testify Before Grand Jury (Ct.Rec.1); and THCF Medical Clinic's Motion to Quash Grand Jury Subpoena (Ct.Rec.6).

### FACTS

On May 24, 2007, the Government served a Subpoena to Testify Before Grand Jury on the State of Oregon, Department of Human Services, Oregon Medical Marijuana Program. On the same day, the Government filed a Subpoena to Testify Before Grand Jury on the Hemp and Cannabis Foundation, THCF Medical Clinic. The Subpoenas identified seventeen persons of interest. The Subpoena directed at the State of Oregon asked for any and all documents pertaining to these seventeen persons, including, but not limited to: Original Application for Registration; Renewal Applications for Registration; Original Attending Physician's Statement; Attending Physician's Statement for all renewals; Notices of Violation and or Termination of Rights under Program; Medical Marijuana Registry Identification Card; Designated Caregiver Registry Identification Card; Medical Records and or Charts; and Annual History Request Form. The Subpoena directed at THCF Medical Clinic sought any and all documents pertaining to the seventeen identified persons, including, but not limited to: Documentation of Medical Authorization to Possess Marijuana for Medical Purposes in the State of Washington; Medical Statements and/or Reports; Correspondence; Reports of any violation and or termination of the Authorization; and Written Applications.

The State of Oregon and the THCF Clinic moved to quash the subpoenas, pursuant to Federal Rules of Criminal Procedure 17(c)(2). A hearing was held on the motions on August 1, 2007, in Yakima, Washington. The Government was represented by Assistant United States Attorney James Hagarty. Third-party THCF Medical Clinic was represented by Graham Boyd and Alison Holcomb; third-party State of Oregon Department of Human Services, Oregon Medical Marijuana Program was represented by Ward Marshall, Liani Reeves, and Shannon O'Fallon.

### DISCUSSION

 The Supreme Court in *United States v. R. Enterprises, Inc.*, provided a succinct and instructive description of the role the grand jury plays in the United States' criminal justice system:

> The grand jury occupies a unique role in our criminal justice system. It is an investigatory body charged with the responsibility of determining whether or not a crime has been committed: Unlike [a district court], whose jurisdiction is predicated on a specific case or controversy, the grand jury can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not. The function of

the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred. As a necessary consequence of its investigatory function, the grand jury paints with a broad brush. A grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed.

A grand jury subpoena is thus much different from a subpoena issued in the context of a prospective criminal trial, where a specific offense has been identified and a particular defendant charged. The identity of the offender, and the precise nature of the offense, if there be one, normally are developed at the conclusion of the grand jury's labors, not at the beginning. In short, the Government cannot be required to justify the issuance of a grand jury subpoena by presenting evidence sufficient to establish probable cause because the very purpose of requesting the information is to ascertain whether probable cause exists.

498 U.S. 292, 297, 111 S.Ct. 722, 112 L.Ed.2d 795 (1991) (citations omitted).

■ Although the reach of the grand jury is broad and it operates with great independence, "the powers of the grand jury are not unlimited and are subject to the supervision of a judge." *Branzburg v. Hayes*, 408 U.S. 665, 688, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). Specifically, Federal Rule of Criminal Procedure 17(c)(2) provides a limit to the power of the grand jury. It provides that a district court may

quash or modify a subpoena "if compliance would be unreasonable."

■ Federal courts have recognized various ways in which a subpoena may be unreasonable or oppressive under Rule 17(c). For instance, courts have recognized that parties may assert constitutional, statutory, or common-law privilege in support of a motion to quash. *See id.* (" 'the public ... has a right to every man's evidence,' except for those persons protected by a constitutional, common-law, or statutory privilege."). In the absence of such a privilege, a subpoena may still be unreasonable or oppressive if it is irrelevant,[1] abusive or harassing,[2] overly vague,[3] or excessively broad.[4] Courts have relied on Rule 17(c) to quash a subpoena that intrudes gravely on significant interests outside the scope of a recognized privilege, if compliance is likely to "entail consequences more serious than even severe inconveniences occasioned by irrelevant or overbroad requests for records." *In re Grand Jury Matters*, 751 F.2d 13, 18 (1st Cir.1984).

■■ Here, the State of Oregon and THCF Medical Clinic have the burden of demonstrating unreasonableness. *R. Enters.*, 498 U.S. at 301, 111 S.Ct. 722. The Court starts with the presumption that, "absent a strong showing to the contrary, a grand jury acts within the legitimate scope of its authority." *Id.* at 300, 111 S.Ct. 722.

The State of Oregon argues that the subpoena should be quashed for two reasons. First, the privacy interests in its citizens trump the Government's interest in enforcing the subpoena. Second, the

---

1. *United States v. R. Enters.*, 498 U.S. at 301, 111 S.Ct. 722.

2. *In re Grand Jury Subpoena*, 175 F.3d 332, 340 (4th Cir.1999); *United States v. (Under Seal)*, 714 F.2d 347, 350 (4th Cir.1983).

3. *United States v. Loe*, 248 F.3d 449, 466 (5th Cir.2001).

4. *In re Grand Jury Proceedings*, 601 F.2d 162, 165 (5th Cir.1979).

information sought by the Government is not relevant. The THCF Medical Clinic asserts the subpoena is an unwarranted invasion of physician-patient relationship and privilege.

 At the hearing, the Court questioned the relevance of medical records of patients to the prosecution of marijuana growers and distributors.[5] The Government orally narrowed the focus of the subpoena. The Government stated that it is now only interested in obtaining information showing current addresses and phone numbers of the seventeen named individuals, along with the specific dosages being prescribed to these individuals. The purpose for seeking this information, expressed at the hearing, is to prove that the subjects of the grand jury investigation distributed marijuana to these individuals in violation of federal law.

In determining whether to quash the subpoena, the Court must weigh the State of Oregon's expressed interest in protecting the integrity of its medical marijuana program and the confidentiality of its citizen's medical records and the THCF Medical Clinic's interest in protecting the physician-patient privilege against the Government's interest in conducting a criminal investigation. *See In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581, 585 (4th Cir.2007) (balancing a city's significant interest in preserving the confidentiality of its investigations and forestalling a potential violation of a person's Fifth Amendment rights against the United States interest in its criminal investigation).

The Government's professed need for the requested information is that it has been investigating three individuals and it wants to obtain this information to establish distribution amounts. For instance, the Government could call one of the seventeen persons listed in the subpoena to testify that she purchased marijuana from the alleged distributor. The dosage amounts could be used to compute and substantiate a distribution amount. The Government says that it needs current addresses and phone numbers for these seventeen individuals and presumes that both the State of Oregon and THCF Medical Clinic have the current addresses and prescribed dosages for the seventeen individuals.

The Court agrees that the State of Oregon has a significant interest in protecting the integrity of its medical marijuana program. Voters in Oregon approved the Oregon Medical Marijuana Act (OMMA) in 1998. Under Oregon law, Oregonians suffering from debilitating medical conditions are allowed to use small amounts of marijuana to mitigate the symptoms or effects of the person's debilitating medical conditions. Or.Rev.Stat. §§ 475.300, 475.302(8) (2007).

A person with a debilitating medical condition can apply for and receive a medical marijuana registry identification card from the Oregon Medical Marijuana Program (OMMP). In order to register, a person must provide written documentation from the person's attending physician that states that the person has a debilitating medical condition and that the medical use of marijuana may mitigate the symptoms or effects of the person's debilitating medical condition. Or.Rev.Stat. § 475.309(2)(a).

---

**5.** Relevance is one of the components of the 'reasonableness' analysis conducted by the Court in determining whether to quash a subpoena. *See id.* at 301, 111 S.Ct. 722 (holding that where a subpoena is challenged on relevancy grounds, the motion to quash must be denied unless the district court determines that there is no reasonable possibility that the category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigation).

Under Oregon law, all names and other identifying information regarding medical marijuana registrants are confidential and protected from disclosure, except to authorized employees of the OMMP and authorized employees of state or local law enforcement, to the extent necessary to verify that a person is a lawful possessor of a medical marijuana registry identification card. Or.Rev.Stat. § 475.331(a) and (b); Or. Admin. R. 333–008–0050 (2007).

■ If the State of Oregon were to comply with the subpoena, it would be violating its own laws. Notwithstanding the confidentiality provision found in the OMMA, the Oregon Public Records Acts protects health information from disclosure without authorization from the individual. Or.Rev.Stat. § 192.496(1). Moreover, individuals could be deterred from participating in the program if it were possible for the federal government to obtain this type of information.[6] The THCF Medical Clinic also has a significant interest in protecting the physician-patient relationship, although this interest is not necessarily implicated if the Court were to accept the Government's narrowed scope of the subpoena.

These interests are balanced against the Government's interest in pursuing its criminal investigation. The Court has reviewed the documents submitted by the Government upon order of the Court. These documents have addresses and phone numbers, along with dosages for the majority of the individuals.[7] The Government asserts that some of these addresses and phone numbers are not current. The Government has not indicated which of the seventeen individuals it was unable to contact, nor has it provided the efforts it has undertaken to obtain the current location of these individuals. Normally, phone records, driver's licenses and motor vehicle records are not confidential sources of such information. The Government has not shown why it needs to obtain all of the addresses and phone numbers from the State of Oregon and the THCF Medical Clinic rather than from some other source.

On the showing made, the Government's subpoena is unreasonable. As written originally, it sought records that have marginal, if any, relevance. It clearly sought medical records, which contain highly personal, confidential, and sensitive information, in order to obtain current addresses, phone numbers, and dosages of the individual. Even as narrowed, the Government already has significant dosage information from the records produced. It is likely that the Government can obtain the location of individuals by other means. The Court would not normally quash a subpoena on the grounds that the information was available by other means or that it sought medical information. *See In re Grand Jury, John Doe No. G.J.2005–2,* 478 F.3d at 587 (holding that the existence of an alternative means of obtaining information is insufficient to render a subpoena unreasonable or subpoenaed material irrelevant to a grand jury investigation). Such information has been routinely ordered to be produced to federal grand juries in appropriate circumstances. However, the context of these subpoenas makes these factors more determinative. The State of Oregon is a sovereign. While subject to the Supremacy Clause of the Federal Constitution, the State has an important interest in the integrity of its authorized medical programs and in keeping its contract

---

**6.** An individual can face federal criminal charges or civil penalties for possession of marijuana. 21 U.S.C. §§ 844, 844a.

**7.** One document refers to a recommendation that the patient be provided 14 plants. The majority of the documents that set forth a dosage specify the dosage to be PRN, or as needed.

with its citizens to preserve the confidentiality of their records. It is clear that the State's sovereignty can be trumped by a federal subpoena; however, more is needed to be shown as to relevance and necessity than has been shown here. There is an obvious tension between the State's authorization of the production and use of marijuana as a medicine and the federal authority to make such activity a crime. The point at which that tension should be broken by the compelled production of records to a federal grand jury has not been reached with these subpoenas. The same can be said for the Clinic's records. The Clinic's concern that compliance can negatively affect the patient-physician relationship is significant. Even as narrowed, compliance with the subpoena would require the Clinic to divulge dosage amounts for specific individuals. Such information is highly confidential to the patient under the Oregon program. While such medical records can be ordered to be produced under normal circumstances, the Clinic's records represent the implementation of the State's program and are integral to the success of the program. Absent a further showing of necessity and relevance, compliance with the subpoena would impact significant State and medical privacy interests and is unreasonable.

Accordingly, **IT IS HEREBY ORDERED**:

1. The State of Oregon's Motion to Quash Subpoena to Testify Before Grand Jury (Ct.Rec.1) is **GRANTED**.

2. The THCF Medical Clinic's Motion to Quash Grand Jury Subpoena (Ct.Rec.6) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.